**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| James E. Cohan, | Case No. 2:20-cv-01185-APG-BNW |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION AND ORDER** |
| Eric Goodman, et al., | |
| Defendants. | |

Pro se plaintiff James Cohan brings this civil-rights case under 42 U.S.C. § 1983 against Judge Goodman, two Deputy District Attorneys, and two Las Vegas Metropolitan Police Department (LVMPD) officers for violations of the Eighth and Fourteenth Amendments. He sues all these defendants in their official capacity and seeks monetary damages. He also sues two Deputy Public Defenders but does not provide much detail as to the claims he is asserting against them.

Cohan moves to proceed *in forma pauperis*. (IFP Application (ECF No. 4).) Cohan submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Cohan's request to proceed *in forma pauperis,* therefore, will be granted. The court now screens Cohan's complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

## I. ANALYSIS

### A. Screening standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B. Plaintiff's Allegations

Cohan's complaint alleges violations of the Eighth and Fourteenth Amendments based on an arrest that took place on November 3, 2018, and for which he was detained until November 22, 2018.

As he explains in the complaint, on November 3, 2018 LVMPD Officers C Doe and D Doe stopped him based on two warrants for his arrest: one for telephonic harassment and another one for "failure to register." The officers explained the "failure to register" warrant stemmed from a sexual assault conviction. Cohan explained to the officers that he had not been convicted of sexual assault—instead, he explained that the conviction was for sexual abuse. Cohan explains that even though the officers were able to verify this information, they still took him to jail.

The next day, he appeared before Judge Goodman. Cohan alleges the documents associated with that case clearly (and correctly) stated that the failure to register stemmed from a conviction for sexual abuse—not sexual assault.

Deputy Public Defender A Doe appeared in court with him that day and conveyed an offer for Cohan to serve ten days in exchange for a plea of guilty. Cohan fired the Deputy Public Defender as soon as the offer was conveyed to him.

On November 19, 2018, Deputy Public Defender Justin Glagau called Cohan at the jail. He conveyed the same offer that had been previously discussed. Cohan believes that this offer was conveyed to appease him, as they may have realized he would sue the state.

The next time Cohan appeared before Judge Goodman, he told the Judge he would not take the offer. He also explained to the Judge that in April of 2015, he tried to fix the confusion that existed with regard to the type of conviction he had. Despite the explanation, Judge Goodman continued his detention.

Ultimately, Cohan went back before Judge Goodman on November 22, 2018 and pled no contest. He received a sentence of credit for time served. He notes, however, that based on the documents that were presented in court on November 4, 2018, Judge Goodman knew all along that his prior conviction was for sexual abuse—and not sexual assault.

Cohan does not allege that he is not subject to a registration requirement or that a warrant should never have been executed. Rather, he seems to allege that the warrant for failing to register is based on an incorrect conviction, as he was never convicted of sexual assault.

…

…

**C. Screening**

Title 42 U.S.C. § 1983 provides that "[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." Section 1983 does not create any substantive rights but provides a method for enforcing rights contained in the Constitution or federal statutes. *Crowley v. Nev. ex. rel. Nev. Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted). Cohan's complaint seeks relief for alleged violations of his Eighth and Fourteenth Amendment rights.

      **a. Eighth Amendment claim**

The Eighth Amendment forbids cruel and unusual punishment.

In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the U.S. Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." Therefore, a § 1983 claim is barred by *Heck* if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" and if the conviction or sentence has not already been invalidated or called into question. *Id.* at 487. *Heck* recognizes the longstanding principle that valid criminal convictions are not properly subject to collateral attack through civil tort actions. *Id.* at 486.

Here, Cohan's claim constitutes an attack on the constitutionality of his sentence. And Cohan did not plead or otherwise show that his sentence has been reversed, expunged, invalidated, or called into question by a writ of habeas corpus. The court, therefore, will dismiss

this claim with leave to amend and allow Cohan an opportunity to state whether his sentence has been reversed, expunged, or otherwise invalidated.

### b. Fourteenth Amendment claim

The Fourteenth Amendment's due process clause requires the government to provide notice and an opportunity to be heard before it can deprive a person of life, liberty, or property. *See Clement v. City of Glendale*, 518 F.3d 1090, 1093 (9th Cir. 2008). It is not clear how any of the facts above constitute a violation of the Fourteenth Amendment. At no point does Cohan allege he was deprived of notice or the opportunity to be heard regarding the warrants. As stated earlier, Cohan is not alleging that the warrants were executed in error. Rather, it appears Cohan's allegation is connected to the confusion that exists about the nature of his prior conviction. The court will dismiss this claim with leave to amend so that Cohan can articulate exactly how he was deprived of notice or the opportunity to be heard.

### c. LVMPD Officers

In his complaint, Plaintiff makes claims against two LVMPD Officers in their official capacities. Generally, state officers sued in their official capacity are not "persons" under § 1983 and therefore may not be sued under the statute. *Hafer v. Milo*, 502 U.S. 21, 27 (1991); *Aguon v. Commonwealth Ports Auth.*, 316 F.3d 899, 901 (9th Cir. 2003). Official capacity claims filed against state officials are an alternative way of pleading a claim against the entity for which the defendant is an officer. *See Hafer*, 502 U.S. at 25. In an official capacity claim, a plaintiff must demonstrate that a policy or custom of the governmental entity for which the official is an agent was the moving force behind the violation. *See id*. Here, Plaintiff does not allege a particular statement, ordinance, regulation, decision, or custom on the part of the state exists that violates his constitutional rights. State officials sued in their personal capacity are persons for purposes of § 1983. *See Hafer*, 502 U.S. at 31; *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003). Therefore, the court will construe the allegations against the LVMPD officers as being brought in their individual capacities.

…

…

### d. Judge Goodman

"Absolute immunity is generally accorded to judges . . . functioning in their official capacities." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) "This immunity reflects the long-standing general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* Judicial immunity applies to claims arising under § 1983. *Agnew v. Moody*, 330 F.2d 868, 870 (9th Cir. 1964).

Judicial immunity is subject to certain limitations: "[j]udges are not immune from suit where (1) their actions do not constitute a judicial act, and (2) they have acted in the 'clear absence of all jurisdiction.'" *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). "To determine if a given action is judicial . . . , courts focus on whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986). "To determine if the judge acted with jurisdiction, courts focus on whether the judge was acting clearly beyond the scope of subject matter jurisdiction in contrast to personal jurisdiction." *Id.* at 1076. Judges have been found to retain immunity even when they misinterpret the law or when their actions are erroneous and malicious. *See Wilson*, 2009 WL 1940102, at *2 (collecting cases).

Even liberally construing Cohan's complaint, the court finds that the claims against Judge Goodman are barred by judicial immunity. Judge Goodman's actions constituted judicial acts because they were taken as part of his normal function as a state court judge; the events occurred at a court hearing; the events related to a case pending before him; and his acts were done in his official capacity. Cohan does not allege facts indicating that Judge Goodman's actions were not judicial acts or that Judge Goodman acted in clear absence of all jurisdiction. Given that Cohan's claim is barred by judicial immunity, it does not appear that additional factual allegations would

overcome immunity. As a result, the court recommends that the claims against Judge Goodman be dismissed without leave to amend.

### e. Deputy District Attorneys

Deputy District Attorneys are also immune from suit in this case. Prosecutors are entitled to immunity from Section 1983 suits "when [they] act within the scope of [their] prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). To maintain a Section 1983 claim against a prosecuting attorney, there must be proof that the prosecutor "acted outside of [his] prosecutorial function to the injury of the plaintiff." *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 777 (9th Cir. 2001).

Here, Plaintiff alleges that Deputy District Attorneys violated his constitutional rights based on a warrant that was premised on an incorrect conviction and the fact that he had to spend 20 days in jail.

First, it appears that Plaintiff assigns liability to the Deputy District Attorneys for issuing a warrant based on the incorrect conviction. But Plaintiff does not seem to be alleging that there was no need for him to register such that the warrant was issued in error. That is, he is not claiming that the sexual abuse conviction—which he admits having—does not require him to register. And ultimately, the violations identified by Plaintiff's complaint relate to actions taken by the Deputy District Attorneys within the scope of his prosecutorial duties. Therefore, they are immune from suit and the court recommends that the claims against the Deputy District Attorneys be dismissed without leave to amend.

### f. Deputy Public Defenders

As mentioned earlier, Plaintiff does not provide the bases under which he is suing the Deputy Public Defenders. However, it appears that the basis of his claim may be that he was dissatisfied with the offers that were conveyed by both.

A defendant has acted under color of state law where he or she has "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (quotation omitted). When public defenders are acting in their role as advocate for a defendant in a criminal case, they are

not acting under color of state law for § 1983 purposes. *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008). Public defenders do not act under color of state law because "a defense lawyer is not, and by the nature of his function cannot be, the servant of an administrative superior. Held to the same standards of competence and integrity as a private lawyer, a public defender works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client." *Polk Cty. v. Dodson*, 454 U.S. 312, 321 (1981) (internal citation omitted).

Given Plaintiff's allegations, it appears the Deputy Public Defenders were acting in their capacity as defenses lawyer and not acting under the color of law. Thus, Plaintiff fails to state a claim against them under § 1983 as a matter of law. Given that amendment would be futile, the court will recommend that the claims against the Deputy Public Defenders be dismissed without leave to amend.

**D. Conclusion**

Plaintiff is given leave to amend his complaint only against LVMPD officers. If he chooses to amend his complaint, he must carefully look at the analysis above regarding the Eighth and Fourteenth Amendment claims in drafting the next complaint. Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, if Plaintiff files an amended complaint, each claim and the involvement of each defendant must be alleged sufficiently. The court cannot refer to a prior pleading or to other documents to make Plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

**IT IS THEREFORE ORDERED** that Cohan's application to proceed *in forma pauperis* (ECF No. 4) is **GRANTED**. Cohan will not be required to pay the filing fee in this action. Cohan is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs.

**IT IS FURTHER ORDERED** that the clerk of court must file Cohan's complaint (ECF No. 1-1).

**IT IS RECOMMENDED** that the claims against Judge Goodman, the Deputy District Attorneys, and the Deputy Public Defenders be dismissed with prejudice.

**IT IS FURTHER ORDERED** that the claims against the LVMPD officers are dismissed with leave to amend.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 8, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE